UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO DIEGO ARANDA, Booking #18123087,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIFF BILL GORE; SGT. ERIC FROISTAD; SAN DIEGO SHERIFF'S DEPUTIES ASSOCIATION,<br><br>Defendants. | Case No.: 3:19-cv-00509-BAS-RBM<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)(1)** |

Plaintiff Francisco Diego Aranda, currently incarcerated at George F. Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* "Compl.," ECF No. 1 at 1.)

Plaintiff claims San Diego County Sheriff Bill Gore, Sgt. Eric Froistad, and the San Diego County Sheriff's Deputies Association violated his right to be free from cruel and unusual punishment on August 20, 2018, by "calling him a rapist" in front of several other prisoners and thereby "putting his life in jeopardy." (*Id.* at 2–3.)

1

Plaintiff has not paid the filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his San Diego Sheriff's Department Inmate Account Activity Report as well as a Prison Certificate completed by Sheriff's Detentions Lieutenant. (*See* ECF No. 2 at 4–6.); 28 U.S.C. § 1915(a)(2); Civ L.R. 3.2. These statements show Plaintiff maintained an average monthly balance of $1.59, had $100.35 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint, and that he had an available balance of $9.51 on the books at the time of filing. (*See* ECF No. 2 at 4–6.)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $20.07 pursuant to 28 U.S.C. § 1915(b)(1). Because he had insufficient funds with which to pay that amount at the time of filing, however, the Court will direct the Watch Commander of GBDF, or his designee, to collect the initial $20.07 filing fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing

28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

### B. Plaintiff's Allegations

Plaintiff's factual allegations are conclusory and sparse. He claims that on August 20, 2018, while he was incarcerated in either the San Diego Central Jail or GBDF, "the Defendants" "call[ed] [him] a rapist in front of several prisoners," and he was "physically attacked by other inmates and . . . suffered tremendous pain from those attacks." (*See* Compl. at 3.) Plaintiff contends he is not a rapist, and is instead "in jail for violation of California Penal Code section 209 which is kidnapping," but that the "rank and file

members of the San Diego Sheriff's Deputies Association," a "criminal enterprise or so-call[ed] union," "put [his] life in danger," and defamed his character in violation of the Eighth Amendment. (*Id.*) He seeks an injunction preventing future "defamation[s] of character which will put [his] life in jeopardy," as well as $5 million in compensatory and punitive damages. (*Id.* at 7.)

### C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

### D. Individual Liability

Plaintiff names three Defendants: Bill Gore, the San Diego County Sheriff; Eric Froistad, whom is identified as a sergeant; and the San Diego Sheriff's Deputies Association. (*See* Compl. at 1–2.) Plaintiff claims only that Gore is "a leader of the San Diego Sheriff's Deputies Association," and that Froistad "act[ed] under color of law to cover the crimes of his confederates." (*Id.* at 2.) He includes no further factual allegations describing either Gore or Froistad's individual acts or omissions with respect to the "physical attack" however, and instead appears to blame other unidentified "rank and file members" of the San Diego Sheriff's Deputies Association for violating his Eighth Amendment rights by labeling him as a rapist. (*Id.* at 3.)

Such broad and generalized allegations fail to show how, or to what extent, either Sheriff Gore or Sergeant Froistad may be held individually liable for any constitutional injury. *See Iqbal*, 556 U.S. at 676–77; *Jones v. Comm'ty Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in"). As pleaded, it appears Plaintiff seeks to hold Gore and Froistad liable for the acts of unidentified subordinates. But vicarious liability is inapplicable to § 1983 suits. *Iqbal*, 556 U.S. at 676. Instead,

"Plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution." *Id.; see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (holding a supervisor may be held liable under §1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citations and internal quotation marks omitted)); *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018) ("Liability under § 1983 arises only upon a showing of personal participation by the defendant.").

Plaintiff attaches a copy of a Sheriff Department's response to what appears to have been a grievance Plaintiff submitted to Froistad dated "August 2018," (*see* Compl. at 8), but his Complaint is devoid of any factual allegations sufficient to show either that Gore or Froistad "participated in or directed [other deputies'] violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *accord Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011) ("A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.").

Finally, and regardless of whether Plaintiff could potentially amend his pleading to state a plausible individualized claim for relief against Gore or Froistad, it is clear the "San Diego Sheriff's Deputies Association" is not a "person" subject to suit under § 1983. *See West*, 487 U.S. at 48 (a section 1983 claim requires a showing that "the alleged deprivation was committed by a person acting under color of state law"); *Barth v. Beard*, No. CV-16-01469-DMG-RAO, 2018 WL 6137629, at *3 (C.D. Cal. June 25, 2018) (sua sponte dismissing prisoner's § 1983 claims against the California Correctional Peace Officers Association), *report and recommendation adopted*, No. CV-16-01469 DMG RAO, 2019 WL 935128 (C.D. Cal. Feb. 26, 2019). Plaintiff may not bring a suit pursuant to section 1983 against the San Diego Sheriff's Deputies Association.

For these reasons alone, the Court dismisses Plaintiff's Complaint in its entirety for

failing to state a claim upon which § 1983 relief may be granted as to any of the named Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### E. **Leave to Amend**

In light of his pro se status, the Court will grant Plaintiff leave to amend his pleading deficiencies, if he can. Plaintiff is cautioned, however, that should he elect to amend and identify the individual Sheriff's Department deputies who are alleged to have called him a rapist in the presence of his fellow inmates, he must also include facts to show how each individual person he seeks to hold liable for his injuries acted with deliberate indifference. If he was a pretrial detainee at the time, the Fourteenth Amendment will form the constitutional basis of that claim. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).[2] If he was convicted, the Eighth Amendment applies. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] . . . to protect prisoners from violence at the hands of other prisoners.").[3]

The Court further cautions Plaintiff that the Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* Civ L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d

---

[2] "[T]he elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are: (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Castro*, 833 F.3d at 1071.

[3] A prison official cannot be found liable under the Cruel and Unusual Punishment Clause for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "In other words, the official must demonstrate a 'subjective awareness of the risk of harm.'" *Castro*, 833 F.3d at 1068 (citation omitted).

896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

III. Conclusion and Orders

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Watch Commander of GBDF, or his designee, to collect from Plaintiff's trust account the $20.07 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, San Diego, California, 92158.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** Plaintiff leave to file an Amended Complaint which cures the deficiencies noted herein **on or before June 24, 2019.**

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment.

**IT IS SO ORDERED**.

**DATED: May 10, 2019**

Hon. Cynthia Bashant
United States District Judge